**United States District Court**
For the Northern District of California

1

2

3

4                                                 **E-FILED on** __1/30/13__

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11

12   UNITED STATES OF AMERICA,              No. CR-08-00581 RMW

13            Plaintiff,

14       v.                                 **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL RIGHT**

15   LEONEL PALOFAX-CAMERENA,

16            Defendant.                     **[Re Docket No. 17]**

17

18

19

20       Defendant Palafox-Camerena moves to dismiss the indictment charging him with one count

21   of illegal reentry into the United States in violation of 8 U.S.C. § 1326.  He asserts that his right to a

22   speedy trial has been violated by post-indictment delay and that the statute of limitations had expired

23   on the offense before he was indicted.  The court reviewed the papers and evidence submitted by the

24   parties and held a hearing on January 24, 2013.  At the close of the hearing, the court announced that

25   it was denying without prejudice the motion to dismiss based upon the alleged running of the statute

26   of limitations and was inclined to also deny the motion based upon the alleged speedy trial violation

27   but wanted to give the issue a final review.  After further consideration, the court finds that

28   defendant's speedy trial rights were violated and that the indictment should be dismissed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL
RIGHT—No. CR-08-00581 RMW
ALG

# I.  Background

The following is a chronology of the critical events relevant to defendant's motion:

**June 14, 1989:** Defendant convicted in Tulare County Superior Court of possession of cocaine in violation of Cal. Health & Safety Code § 11350 and sentenced to 180 days of confinement and two years of probation[1]

**Shortly after June 14, 1989:** Defendant convicted of second cocaine possession

**November 29, 1989:** Defendant sentenced on a second cocaine possession conviction to 365 days of confinement in Tulare County jail plus three years of probation

**June 14, 1990:** Defendant interviewed by immigration officials at Tulare County Jail while serving sentence for cocaine possession

**June 20, 1990:** Defendant deported

**July 2, 2001:** Defendant arrested in Tulare County for grand theft of a firearm in violation of Cal. Penal Code § 487(d) and for second degree robbery in violation of Cal. Penal Code § 211

**February 2, 2002:** Defendant convicted in Tulare County Superior Court of grand theft of a firearm and six counts of second degree robbery

**April 22, 2002:** Defendant sentenced to a term of 18 years in state prison for his offenses with enhancements

**May 9, 2002:** Defendant transferred from Tulare County Jail to North Kern State prison

**Sometime after May 9, 2002:** Defendant transferred to Salinas Valley State Prison

**April 17, 2007**: Defendant found in Northern District of California (according to Indictment)

**August 27, 2008**: Indictment filed for violation of 8 U.S.C. § 1326 (illegal reentry following deportation)

**October 21, 2012**: Government files writ of habeas corpus ad prosequendum seeking defendant's appearance in federal court on illegal reentry charge

**November 21, 2012:** Defendant makes first appearance in federal court

**February 24, 2013**: Currently scheduled trial date

# II.  Analysis

## A.  Post-Indictment Delay

Defendant asserts that the delay from August 27, 2007, the date of his indictment, to date has been excessive and entitles him to dismissal of the indictment.  The defendant is particularly critical

---

[1]  Some of the information in the chronology comes from the parties' briefs and is not supported by evidence.  However, it does not appear to be disputed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL RIGHT—No. CR-08-00581 RMW
ALG                                                                                           2

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1   of the United States Attorney's Office in San Jose because it failed to promptly file a detainer or

2   obtain his appearance in federal court in accordance with 18 U.S.C. § 3161(j)(1) which provides:

3           If the attorney for the Government knows that a person charged with an
        offense is serving a term of imprisonment in any penal institution, he shall---

4           (A) undertake to obtain the presence of the prisoner for trial; or
            (B) cause a detainer to be filed with the person having custody of the prisoner

5       and request him to so advise the prisoner and to advise the prisoner of his right to
        demand trial.

6       Courts have found that a four factor analysis is appropriate in determining whether a case

7   should be dismissed for post-indictment delay: (1) whether delay before trial was uncommonly long,

8   (2) whether the Government or the defendant is more to blame for that delay, (3) whether, in due

9   course, the defendant asserted his right to a speedy trial, and (4) whether the defendant suffered

10  prejudice as a result of the delay. *Doggett v. United States*, 505 U.S. 647, 651 (1992); *Barker v.*

11  *Wingo*, 407 U.S. 514 (1972).  Although the court indicated at the hearing on defendant's motion that

12  it was inclined to deny the motion, further analysis of cases applying the *Doggett* factors where the

13  delays were of the approximate length of the delay here persuades the court that the defendant's right

14  to a speedy trial was violated.

15      The first factor involves a double inquiry.  Simply to trigger a speedy trial analysis, a

16  defendant must show a threshold amount of delay. *Id.* at 651-52. "If the accused makes this

17  showing, the court must then consider, as one factor among several, the extent to which the delay

18  stretches beyond the bare minimum needed to trigger judicial examination of the claim." *Id.* "[T]he

19  presumption that pretrial delay has prejudiced the accused intensifies over time." *Id.*  Courts

20  generally have found that delays approaching one year meet the threshold and are presumptively

21  prejudicial. *See, e.g.*, *United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003). In the

22  present case, the delay is over four times the length of the threshold; it has been uncommonly long.

23      The second factor involves an inquiry as to whether the Government or the defendant is more

24  to blame for the delay.  Defendant asserts that the U.S. Attorney's office created the delay by its

25  deliberate failure to timely comply with its obligations under 18 U.S.C. § 3161(j)(1).  Dismissal,

26  however, is not a remedy for a violation of § 3161(j)(1). *See United States v. Valentine*, 783 F.2d.

27  1413, 1415 (9th Cir. 1986); *United States v. Lualemaga*, 280 F.3d 1260, 1264 (9th Cir. 2002).  The

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL
RIGHT—No. CR-08-00581 RMW
ALG                                                     3

**United States District Court**
For the Northern District of California

1   remedy, if needed, is a disciplinary or monetary sanction. *See Valentine*, 783 F.2d at 1416.

2   Nevertheless, it is clear that the cause of the delay was due solely to the Government's failure to

3   bring the defendant before the federal court despite knowing that he was in state custody. The

4   Government knew by April 17, 2007, at the latest, that defendant was in state custody.

5        The Government concedes that the delay between the date of the Indictment and defendant's

6   initial appearance in federal court resulted entirely from the Government's negligence. Opp. 5:13-14

7   (Dkt. No. 20). Although there is no evidence the Government choose to ignore its obligation to

8   avoid delay in bad faith or for the specific purpose of penalizing defendant by impairing his ability

9   to present a defense, its inattention cannot be excused, particularly since the obligation to bring

10  prisoners like defendant to the federal court or at least cause them to be notified of the pending

11  federal charge had been brought to its attention. It appears that the San Jose Branch of the U.S.

12  Attorney's office had a practice or policy of not complying with 18 U.S.C. § 3161(j)(1) in cases

13  where charged illegal re-entry defendants were serving state sentences.

14       Although the Government knew when the Indictment was filed that defendant was in state

15  custody, the defendant did not know until at least October 21, 2012 that he had been charged with

16  illegal reentry. Therefore, the Government is to blame for the post-indictment delay.

17       The third factor to be considered—whether the defendant asserted his right to a speedy

18  trial—is a neutral factor here. Defendant asserted his speedy trial rights when he learned of the

19  indictment but this, at most, weighs only minimally in his favor. *See Gregory*, 322 F.3d at 1162;

20  *United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991). This factor is intended to weigh against

21  a defendant who fails to timely assert a speedy trial right, thus showing a lack of concern about a

22  speedy trial. *Id.*

23       The fourth factor evaluates any actual prejudice suffered by defendant. Three types of actual

24  prejudice are generally considered: oppressive pretrial incarceration, anxiety and concern of the

25  accused, and the possibility that the accused's defense will be impaired. *Gregory*, 322 F.3d at 1163.

26  In the present case, defendant has not shown that he has suffered any type of actual prejudice. He

27  has been incarcerated in a state facility on a lengthy state sentence. It seems speculative that he will

28  end up serving more total time as a result of the delay in bringing the federal charges and any

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL
RIGHT—No. CR-08-00581 RMW
ALG                                                           4

**United States District Court**
For the Northern District of California

1  concern in that regard could be addressed at sentencing, if he is convicted.  There is no suggestion

2  that any defense will be impaired.

3          The law, however, seems clear that if the delay is significantly longer than the threshold and

4  the Government is responsible for the delay, prejudice is presumed and is not rebutted by

5  defendant's failure to show actual prejudice.  *See Doggett*, 505 U.S. at 657-58; *United States v.*

6  *Mendoza,* 530 F.3d 758, 764-65 (9th Cir. 2008); *Shell*, 974 F.2d at 1036.

7          In *United States v. Aguirre*, 994 F.2d 1454 (9th Cir. 1993), the court of appeals held that

8  defendant's right to speedy trial was not violated by five-year delay between his indictment and his

9  arrest, but in *Aguirre*, the Government had conducted a reasonably diligent investigation to find

10  defendant, and defendant knew charges against him were pending, but did not advise federal

11  authorities of his whereabouts.  *Aguirre* implies that the presumption of prejudice would not be

12  overcome by a showing of lack of actual prejudice in a case where the Government was not diligent

13  in trying to locate the defendant.  *Id.* at 1457.

14          In *United States v. Shell*, 974 F.2d 1035 (9th Cir. 1992), the court held that a five-year delay

15  attributable to the government's mishandling of defendant's file created a strong presumption of

16  prejudice which the government did not persuasively rebut, warranting dismissal of the indictment

17  for the violation of the defendant's Sixth Amendment right to speedy trial.  The court noted that the

18  presumption of prejudice increases with the length of the delay and that the five-year delay

19  attributable to the government's mishandling of Shell's file created a strong presumption of prejudice

20  not overcome by the fact that essential witnesses and documentary evidence were still available.  *Id.*

21  at 1036.

22          In *United States v. Packer*, 857 F. Supp. 726, 732-33 (C.D. Cal. 1994), the district court

23  considered the *Barker* and *Doggett* factors and ruled that a superseding indictment should be

24  dismissed in a case where there was a delay of slightly over five years during which time the

25  Government knew that the defendant was in state custody and failed to ask the state to return him to

26  federal custody. Similarly, in *United States v. Boone*, 706 F. Supp. 2d 71 (D.D.C. 2010) the court

27  held that delay of more than four years between defendant's indictment and his arrest violated his

28  Sixth Amendment right to a speedy trial. The defendant did not even know that he had been charged.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL
RIGHT—No. CR-08-00581 RMW
ALG                                                    5

**United States District Court**
For the Northern District of California

1    The court concludes that in the instant case since the delay has been over four times longer

2   than the threshold for finding presumed prejudice and the delay resulted from the Government's

3   negligent inattention or practice of not bringing indictments to the attention of defendants in state

4   custody, the presumption of prejudice is not overcome.  Therefore, defendant's speedy trial rights

5   have been violated and the indictment must be dismissed.

6    **B.  Statute of Limitations**

7    The motion of defendant to dismiss based upon the running of the statute of limitations is

8   now moot in light of the court's grant of the motion based upon the speedy trial violation.  However,

9   since the court indicated at the hearing that it would issue a written order, the court will address the

10   merits of the motion.

11    Defendant claims that he was "found in" the United States more than five years before he

12   was indicted. An illegal reentry prosecution must commence within five years after the offense ends.

13   18 U.S.C. § 3282.  The crime of illegal reentry is a continuing offense which ends when the

14   defendant alien is encountered by immigration officials. *See, e.g.*,*United States v. Jimenez-Borja*,

15   378 F.3d 853, 857-58 (9th Cir. 2004); *United States v. Hernandez*, 189 F.3d 785, 791 (9th Cir.

16   1999).  Here, the defense argues that it is reasonable to infer from defendant's detention and

17   deportation in 1990 that the relationship between the Tulare County Sheriff's Department and

18   immigration authorities in the Eastern District of California was such that "typical diligence" on the

19   part of immigration authorities would have uncovered the presence of defendant, a previously

20   deported alien who had been detained in Tulare County custody for nearly a year.  Defendant also

21   points out that the probation report prepared for defendant's April 22, 2002 sentencing on his grand

22   theft and second degree robbery charges revealed that defendant had been deported in 1990 and that

23   a copy of the probation report and a certified copy of an Abstract of Judgment are contained in the

24   defendant's alien file thus indicating that immigration knew in 2002 that defendant was in California

25   state custody.  If the unlawful entry offense ended in 2002, the indictment filed on 2008 was filed

26   beyond the five-year the statute of limitations.

27    The fact that the probation report indicated that defendant had been deported in 2000 does

28   not necessarily mean that immigration officials knew defendant was in state custody.  The probation

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO THE SIXTH AMENDMENT SPEEDY TRIAL
RIGHT—No. CR-08-00581 RMW
ALG                                                                    6

**United States District Court**
For the Northern District of California

1  officer may or may not have learned that defendant had been deported from federal immigration

2  agents.  Similarly, the fact that defendant's alien file now contains the probation report and an

3  abstract of the state judgment does not mean that the documents were placed in the file before the

4  date on which the indictment alleges that the defendant was found in the Northern District of

5  California.

6         Defendant also offered at the hearing on his motion a purported copy of a California

7  Department of Corrections classification document dated June 26, 2002 which notes: "USINS

8  interest is noted." The Government objected to the admissibility of the document "on the grounds

9  that the submission is untimely, based upon inadmissible hearsay, and unauthenticated." U.S.'s Obj.,

10 Dkt. 22.  Although defendant may be able to cure the objections, they are currently well-taken. In

11 particular, defendant must show that the requirements of F.R.E. §§ 803(6) or 803(8) are met,

12 including that the source of information is trustworthy and came from immigration officials.

13        The motion to dismiss based upon the running of the statute of limitations is denied as moot,

14 but if considered on the merits, denied without prejudice.

### III.  Order

16        The indictment is dismissed because the defendant's post-indictment right to a speedy trial

17 has been violated.  The motion to dismiss on the basis that the statute of limitations has run is denied

18 as moot.

19

20

21 DATED:     January 30, 2013

22                    RONALD M. WHYTE

23                    United States District Judge

24

25

26

27

28